# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DEAN DAWSON, | CASE NO. 1:09-cv-00891-LJO-DLB-PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | (Doc. 2) |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff Kenneth Dean Dawson is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 20, 2009. On June 1, 2009, the Court dismissed Plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court's order noted that Plaintiff is subject to 28 U.S.C. §1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, at the time of filing the complaint, was under imminent danger of serious physical injury. Plaintiff was ordered to file a legible amended complaint that complies with the court order and Rule 8, within thirty days. To date, Plaintiff has not complied with or otherwise responded to the Court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

1 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
2 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
3 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
4 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
5 failure to lack of prosecution and failure to comply with local rules).

6    In determining whether to dismiss an action for lack of prosecution, failure to obey a court
7 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
8 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
9 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
10 (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
11 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

12    In the instant case, the court finds that the public's interest in expeditiously resolving this
13 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
14 been pending since May 20, 2009.  The third factor, risk of prejudice to defendants, also weighs in
15 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
16 in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
17 factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
18 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
19 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
20 requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d
21 at 1424.  The court's order requiring plaintiff to file an amended complaint expressly stated: "If
22 Plaintiff fails to file an amended complaint or files an amended complaint that is not in compliance
23 with this order, the court will dismiss this action."  Thus, plaintiff had adequate warning that
24 dismissal would result from his noncompliance with the court's order.

25    Accordingly, this action is dismissed for failure to obey a court order.
26 IT IS SO ORDERED.

27 **Dated:   July 27, 2009**           **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE
28